UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK GRANDE,<br>             Plaintiff,<br><br>         v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br>             Defendant. | CIVIL ACTION<br>NO. 20-40066-DHH |

**REPORT AND RECOMMENDATION**

**May 3, 2021**

Hennessy, M.J.

On November 5, 2020, the undersigned entered an order granting *pro se* plaintiff Mark Grande's motion for leave to proceed *in forma pauperis* and directing the Clerk to issue a summons for the Commissioner. (Docket #6). The order noted that, pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 4.1, Grande had 90 days from the date of issuance of the summons to complete service and that failure to complete service within the allotted time may result in dismissal of the action without further notice from the Court. (Id. at 2). The summons issued that same day. (Docket #7). There is no proof of service upon the Commissioner in the docket.

Pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served within ninety (90) days after the complaint is filed, the court on its own, after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  Thus, on April 12, 2021, the undersigned ordered Plaintiff to complete service upon the Commissioner by April 28, 2021.  The undersigned warned Plaintiff that failure to comply with this order would result in the court's dismissal of the case without prejudice.

Despite this warning, Plaintiff has not filed any proof of service upon the Commissioner. Therefore, the undersigned hereby directs the Clerk to reassign this matter to a district judge and recommends that the court dismiss the case without prejudice.[1]

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).